UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL LINDSEY,

    Plaintiff,

v.                                                        Case No. 3:22cv5392-LC-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Michael Lindsey, a pre-trial detainee proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on various conditions of confinement at the Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to respond to this Court's orders requiring him to file a motion to proceed *in forma pauperis* or pay the filing fee, the undersigned respectfully recommends this case be dismissed without prejudice for Plaintiff's failure to prosecute or comply with an order of the Court.

On April 21, 2022, the Court entered an order instructing Plaintiff to, within twenty-one (21) days, file an amended complaint on the Court's designated form and

file a motion to proceed *in forma pauperis* or pay the $402.00 filing fee. ECF Doc. 3. Plaintiff was advised his failure to comply with this order may result in a recommendation of dismissal without further notice. *Id.* In response, Plaintiff filed an amended complaint, ECF Doc. 4, but failed to submit a motion to proceed *in forma pauperis* or pay the filing fee. Thus, on May 17, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for his failure to prosecute or comply with Court orders. ECF Doc. 5. The time to respond to the Court's show cause order has passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Indeed, a "court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to comply with Court orders and failure to prosecute.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 7th day of June, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.